**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-61376-JTK/DSW**

**ANTHONY ALSTON**,

Plaintiff,

v.

**PREMIERE CARRIAGE AUTO GROUP**,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Detra Shaw-Wilder's Report and Recommendation to Dismiss Case Without Prejudice [ECF No. 8], entered on September 24, 2026. On May 7, 2026, Plaintiff Anthony Alston filed a Complaint *pro se* against Defendant Premier Carriage Auto Group [ECF No. 1]. This case was originally assigned to Magistrate Judge Detra Shaw-Wilder at the time of filing. On August 19, 2026, Judge Shaw-Wilder dismissed the case *without prejudice* for failure to state a claim. [ECF No. 4]. Plaintiff was afforded an opportunity to file an Amended Complaint by September 21, 2026. *Id*. The deadline has passed, and no Amended Complaint has been filed. On September 24, 2026, Judge Shaw-Wilder then issued a Report and Recommendation that the case be dismissed *without prejudice*. [ECF No. 8]. Without any timely objections, and after carefully reviewing the Report, the Court agrees with the recommendation that the case be dismissed.

Upon reviewing the record, Judge Shaw-Wilder issued the Report recommending that Plaintiff's Complaint be Dismissed *without prejudice*. *Id*. Judge Shaw-Wilder found

that Plaintiff's failure to timely file an amended complaint warrants dismissal. *Id.* allowing the parties fourteen (14) days from receipt of the Report to file any objections. *Id.*

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition de novo. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Shaw-Wilder's Report, and agrees with Judge Shaw-Wilder's conclusion that Plaintiff's Complaint be dismissed. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 8] is **AFFIRMED AND ADOPTED** and the case is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of October, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

Cc: counsel of record